UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TIERRANI M. CLARK-ESTEEN** ) | CIVIL ACTION NO.: |
|     Plaintiff ) | |
| ) | |
| ) | SECTION: |
| **VERSUS** ) | |
| ) | JUDGE: |
| ) | MAGISTRATE JUDGE: |
| ) | |
| **NEW ORLEANS** ) | |
| **REGIONAL TRANSIT AUTHORITY** ) | |
|     Defendant | |

## COMPLAINT

### I.   JURISDICTION

This action is brought pursuant to 42 U.S.C. 1981. Jurisdiction is founded on 28 U.S.C. Sections 1331 and 1343. Supplemental jurisdiction over claims under state law is also invoked pursuant to 28 U.S.C. Section 1367 to hear claims under Louisiana Civil Code Articles 2315, 2316, and 2320 and LSA R.S. 23:311, 321, 331, et seq. A jury trial is requested.

### II.   PLAINTIFF

Plaintiff, TIERRANI M. CLARK-ESTEEN, is an African – American female, over the age of thirty, with a disability, who resides in Orleans Parish in the Eastern District of Louisiana. Plaintiff filed a timely complaint with the EEOC and is filing this action within the requisite timeframe.

### III.   DEFENDANT

Defendant, NEW ORLEANS REGIONAL TRANSIT AUTHORITY, is the employer of Ms. Clark-Esteen (hereinafter referred to as Plaintiff), and owner operating a transportation system of busses, ferries, street cars and other modes of public transportation in Orleans and Jefferson Parishes, State of Louisiana in the Eastern District of Louisiana at all relevant times.

## IV. STATEMENT OF FACTS

The NEW ORLEANS REGIONAL TRANSIT AUTHORITY (hereinafter referred to as "NORTA"), is located at 2817 Canal Street, New Orleans, La, 70119. This address is the central place of business for the Defendant.

1. Plaintiff was hired by NORTA to be a bus driver in March 26, 2018 and still presently works there.

2. During Plaintiff's tenure (2019) as a Bus Operator, Plaintiff was the victim of unwanted sexual advances from her male Senior Operations Officer.

3. Plaintiff's responsibilities as a Bus Operator included reviewing the actions of NORTA Bus Operators during accidents. The Safety Operations Supervisor forced Plaintiff to facetime him while he groped himself, masturbated, and committed other sexual acts.

4. NORTA management reached out to Plaintiff regarding these advances and the Safety Operations Supervisor's abuse of other people. Plaintiff was interviewed by management regarding these allegations. Plaintiff detailed the sexual assaults she was a victim of during her interview. The allegations regarding the inappropriate sexual advances/actions were not directly addressed with Plaintiff.

5. On January 4, 2021 Plaintiff had been promoted to the position of Supervisor in the Fixed Route Department. Supervisors in the Fixed Route Department receive benefits based on seniority. The seniority of a supervisor is determined based length of time individual has been a supervisor. The NORTA Fixed Route Department Supervisor maintains a list of Supervisors in the order of their seniority. The length of time for seniority benefits is calculated from the date of promotion.

6. The benefits of seniority include: The ability to choose a work schedule ahead of other supervisors with less seniority; The ability to choose holidays and vacation time ahead of the other supervisors, which leaves the other supervisors with a limited ability to take vacation and holidays, if at all; The order in which layoffs are processed, the last person promoted is the first person laid off or transferred to fill needs of other departments; the opportunity to be selected to fill emergency needs for the department that would normally be filled by a person who is not a supervisor or someone with less seniority.

7. In February 2022, a male Senior Operations Officer moved another male Supervisor over five other Supervisors with more seniority than the male Supervisor. Plaintiff was one of the Supervisors with more seniority that was passed over. Plaintiff met with the Male Senior Operations Officer to discuss the discriminatory behavior and also filed an unfair seniority treatment complaint with the Manager of Employees and Labor Relations.

8. Furthermore, Plaintiff was aware of the a friendship between the male Senior Operations Officer and the male Safety Operations Supervisor. Upon information and belief, part the Male Senior Operations Officer discriminated against Plaintiff because she was a women, and he wanted to create a hostile work environment because Plaintiff informed management about the unwanted sexual advances from her former Safety Operations Supervisor.

9. The initial discriminatory behavior, giving men more seniority status than female, was not rectified by NORTA and was repeated with other female employees.

10. In June of 2022 a male Supervisor used the Family and Medical Leave Act (hereinafter referred to as "FMLA") to take unpaid, job-protected leave until September of 2022. That male Supervisor was allowed to take advantage of his seniority benefits (See paragraph IV.3).

On October 11, 2022 Plaintiff also used FMLA, due to her disability and a battle with Crone's Disease. Plaintiff was denied her seniority benefits.

11. While Plaintiff was out on FMLA her name was completely removed from the seniority list. Plaintiff returned to work from FMLA leave with no restrictions. The Director of Leave Management took Plaintiff to meet with the Senior Operations Officer concerning Plaintiff's loss of seniority status. During this impromptu meeting, the Director of Leave Management questioned the Senior Operations Officer about what happened to Plaintiff's seniority. No response was given, and Plaintiff was notified by the Senior Operations Officer that she would be transferred, effective immediately, with no reason given for the transfer. Following that meeting Plaintiff filed a claim with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC").

12. Plaintiff has been retaliated against and intimidated by management after filing the EEOC Complaint that lead to the filing of this lawsuit. Plaintiff was demoted and transferred to the Paratransit Department and denied her seniority, despite being told that she would retain her seniority, before the transfer.

13. Furthermore, upon information and belief, Plaintiff was not only transferred to retaliate against her for her previous statements to management about sexual abuse, but was also transferred from the Fixed Route Division to protect a male Supervisor's job. The male Supervisor was having problems with other employees in the para-transit department and was transferred back to the Fixed Route Division. Plaintiff was not the lowest person on the seniority list and there was no reasoning given for her transfer.

14. The discriminatory acts listed in this complaint are continuing to be committed against the Plaintiff.

15. The NORTA has a history of discrimination against Women, African-Americans, and disabled people, and several employees have left the department or resigned due to the history of unequal and unfair treatment regarding schedules and compensation.

## V. CAUSES OF ACTIONS

Discrimination in Violation of 42 U.S.C. 2000e,et seq. (Title VII) for Race, Disability, and Retaliation

Americans with Disabilities Act of 1990, as codified, 42 U.S.C. §§ 12112 to 12117

16. Plaintiff re-alleges all facts listed in paragraphs IV.1-14.

17. The actions of Defendant as described herein, display a wanton and reckless disregard for Plaintiff's federally-protected civil rights and rights granted by Louisiana law.

18. Furthermore, Defendant is liable under Federal law for not training its managers, on federal laws regarding sex and disability - based discrimination and retaliation.

19. Defendant intentionally, knowingly, recklessly and excessively violated Plaintiff's civil rights when promoting other employees, who were male and without a disability, to higher positions with less experience and qualifications while denying this right to Plaintiff.

20. Defendant intentionally, knowingly, recklessly, and excessively violated Plaintiff's civil rights in allowing Plaintiff's supervisor(s) to retaliate against and intimidate Plaintiff in requesting reasonable accommodation and inquiring as to why Plaintiff was denied reasonable accommodation under federally-mandated anti-retaliation law.

21. Defendant's conduct proximately caused significant injuries and damages to Plaintiff for damages cause by Defendant's actions, inter alia:

a. Failing to establish, implement, operate, maintain, or enforce adequate or reasonable policies, practices, customs, and procedures that recognize, protect, and ensure adherence to Plaintiff's civil rights.

b. Failing to provide adequate or reasonable training, supervision, monitoring or control of managers or supervisors, including the managers referenced herein, so that managers carry out their duties without infringing upon Plaintiff's civil rights; and

c. Failing to hold supervisors and managers responsible for the misconduct of their subordinates; and

d. Failing to promote Plaintiff when she met the existing standards required for the promotion; and

e. Failing to provide adequate or reasonable training, supervision, monitoring, or control of managers or supervisors. Including the managers references herein, so that managers carry out their duties without retaliating against Plaintiff.

## VI.  DAMAGES

22. As a result of the actions of the Defendant as described above, Plaintiff has suffered damages, as follows:

a. Plaintiff suffered severe physical, mental, emotional injury and pain and suffering;

b. Plaintiff suffered loss wages, loss of all benefits, humiliation , impairment of reputation, based on terms and conditions of employment; and

c. All other damages provided by statute or law.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that after due proceedings, there be judgment on her behalf and against Defendant, for damage, inter alia:

1. Compensatory damages;
2. Reasonable attorney's fees and all costs associated with these proceedings;
3. That judicial interest be awarded from the date of judicial demand
4. That this matter be tried by a jury; and
5. All other relief that this Court deems just and proper and any other relief as allowed by law as prayed for herein.

Respectfully Submitted,

Cherie E. Teamer Henley
Bar Roll #36286
Teamer Legal Corporation, LLC
2661 Gravier St. B
New Orleans, LA 70119
(504) 321-1692
Cherie@TeamerLaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of August, 2024, I filed the foregoing pleading through the CM/ECF system through which all parties will be served notice through their attorneys of record.

Cherie E. Teamer Henley